IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRENCE LEARNEST GIVAND,     )
#244124,                       )
                               )
    Petitioner,          )
                               )
v.                             )          CASE NO. 2:23-cv-487-BL
                               )
CHADWICK CRABTREE and          )
ALABAMA BUREAU OF              )
PARDONS AND PAROLES,[1]        )
                               )
    Respondents.         )

**MEMORANDUM OPINION AND ORDER**

Terrence Learnest Givand, a state inmate proceeding *pro se*, filed a Petition

for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging the revocation of

his parole in June of 2021 by the Alabama Board of Pardons and Paroles ("the Parole

Board"). (*See* docs. 1 & 5). Thereafter, the Respondents filed an Answer (doc. 13),

which contends that Givand's claims are time-barred by the applicable one-year

statute of limitations as well as meritless. The court then gave Givand an opportunity

to file a reply (*see* doc. 14), but Givand did not do so. Upon review of the Petition

---

[1] Although Givand names the Alabama <u>Bureau</u> of Pardons and Paroles as a Respondent (*see* Doc. 1 at 1), the Bureau is not a legal entity capable of being sued, and only the Alabama <u>Board</u> of Pardons and Paroles has legal authority over parole-related matters. *See* Ala. Code §§ 15-22-20 *et seq*. Accordingly, the clerk of court is **DIRECTED** to (1) terminate the Alabama Bureau of Pardons and Paroles as a respondent and (2) add the Alabama Board of Pardons and Paroles as a respondent.

and Answer, and for the reasons explained below, Givand's § 2254 Petition will be **DENIED** without an evidentiary hearing as time-barred[2] and this case will be **DISMISSED** with prejudice.

## I.    PROCEDURAL BACKGROUND

In March of 2017, the Parole Board granted Givand parole.  (Doc. 13-1 at 22).  Upon his release in April of 2017, Givand received and signed the conditions of his parole, which included a condition that he would not violate any law.  (*Id*. at 23–24).

On May 2, 2021, the Montgomery Police Department arrested and charged Givand with Domestic Violence III – Harassment and Domestic Violence III – Criminal Mischief II.  (*Id*. at 26–27).  On May 4, 2021, upon learning of these criminal charges, Givand's supervising parole officer prepared a Report of Parole Violation charging Givand with violating his parole conditions by committing two new offenses.  (*Id*. at 25–28).

On May 19, 2021, Givand received a Notice of Parole Court Hearing set for May 25, 2021, as well as a copy of the Report of Parole Violation, which detailed the parole violation charges against him.  (*Id*. at 29).

On May 25, 2021, Hearing Officer Greg Lee conducted a parole court hearing on the charges.  (*Id*. at 30).  Based on the evidence presented therein, including the

---

[2] Although Respondents also argue that Givand's claims lack merit, because the statute of limitations is dispositive of the Petition, the court need not address any additional deficiencies.

alleged victim's testimony, Hearing Officer Lee found sufficient evidence that Givand had violated the conditions of his parole. (*Id*. at 34). He recommended that Givand's parole be revoked, that Givand complete anger management training, and that Givand be reconsidered for parole in 12 months. (*Id*.).

On June 8, 2021, upon review of Hearing Officer Lee's recommendations, the Parole Board revoked Givand's parole and ordered that he be reconsidered for parole in 2026. (*Id*. at 36). The Parole Board served Givand with notice of the revocation. (*Id*.).

On May 2, 2022, Givand filed a petition for a writ of certiorari in the Circuit Court of Montgomery County. (*Id*. at 4–9). Thereafter, the Parole Board filed a motion to dismiss (*id*. at 16–21), which the circuit court granted on June 30, 2022 (*id*. at 38). On August 7, 2022, Givand appealed the circuit court's decision to the Alabama Court of Criminal Appeals. (*Id*. at 48–52). On February 3, 2023, the Court of Criminal Appeals affirmed the circuit court's dismissal. (Doc. 13-4). The Court of Criminal Appeals subsequently denied Givand's application for a rehearing (Doc. 13-6) and, on June 9, 2023, the Alabama Supreme Court denied his petition for writ of certiorari and issued a certificate of judgment (Doc. 13-8). The Court of Criminal Appeals issued a certificate of judgment that same day. (Doc. 13-9).

On August 9, 2023, Givand filed the instant § 2254 Petition, arguing that the Parole Board "used false evidence/information to revoke [his] parole." (Doc. 1). On

3

October 12, 2023, he filed an amendment to his § 2254 Petition, arguing that his parole revocation violates due process. (Doc. 5). As relief, he seeks reinstatement of his parole. (Doc. 1 at 15; Doc. 5 at 3). The § 2254 Petition is now ripe for consideration.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The state judgment Givand challenges in this case became final on June 8, 2021, the date on which his parole was revoked, and the AEDPA's one-year limitations period began to run from that time. *See Ray v. Mitchem*, 272 F. App'x 807, 809–10 (11th Cir. 2008) (explaining that "subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for cases of habeas petitioners who are in custody pursuant to a parole revocation"). Thus, absent a tolling event, Givand had until June 8, 2022—one year later—to file a timely § 2254 petition as to that judgment.

Because Alabama does not have a direct appeal procedure through which the Parole Board's decision to revoke parole can be challenged, a prisoner must instead challenge his parole revocation by filing a petition for writ of certiorari in the state trial court. *Id*. at 809 (citing *Gholston v. Bd. of Pardons & Paroles*, 627 So.2d 945, 947 (Ala. Civ. App. 1993)). Givand first filed a petition for a writ of certiorari regarding his parole revocation on May 2, 2022—328 days after the date on which the Parole Board revoked his parole. (Doc. 13-1 at 4–9). The limitations period remained tolled from that date until June 9, 2023, the date on which the Alabama Supreme Court denied his petition for writ of certiorari and issued a certificate of judgment. *See* 28 U.S.C. § 2244(d)(2); *see also, e.g.*, *Siebert v. Campbell*, 334 F.3d 1018, 1022 (11th Cir. 2003) (noting that "the federal limitations period would have

been tolled . . . until . . . the date on which the Alabama Supreme Court denied review"); *Butler v. Estes*, No. 6:15-cv-0162-WMA-JEO, 2015 WL 3626649, at *3 (N.D. Ala. June 10, 2015) (explaining that "the limitations period would have resumed running after the Alabama Supreme Court issued an order denying [the petitioner's] petition for certiorari review . . . and a certificate of judgment was issued").

When the limitations period began running again on June 9, 2023, Givand had 37 days remaining to file a timely § 2254 petition—that is, until July 17, 2023. However, as noted above, Givand did not file the instant Petition until at least August 9, 2023, more than three weeks later. (*See* doc. 1 at 15). Accordingly, Givand's § 2254 Petition is due to be dismissed as time-barred.[3] *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

---

[3] The AEDPA's limitations period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). However, "equitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted). Despite the opportunity to do so in both his Petition and a reply to the Answer, Givand has failed to provide any allegations or evidence that he is entitled to equitable tolling.

### III.  CONCLUSION

Accordingly, based on the foregoing, it is **ORDERED** that Givand's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. 1) is **DENIED** without an evidentiary hearing as time-barred and this case is **DISMISSED** with prejudice.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 6th day of May, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE